## ARRILLA BROWN v. STATE.

No. A-4734. Opinion Filed Feb. 14, 1925.
(233 Pac. 248.)

(Syllabus.)

**Robbery—Evidence Sustaining Conviction.** In a prosecution for robbery, evidence held sufficient to sustain a conviction, and that no error prejudicial to the defendant was committed on the trial.

Appeal from District Court, Oklahoma County; Cham Jones, Judge.

Arrilla Brown was convicted of robbery, and she appeals. Affirmed.

Orban C. Patterson, for plaintiff in error.

George F. Short, Atty. Gen., and Leon S. Hirsh, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charges that Eva Napier and Arrilla Brown did commit the crime of conjoint robbery, while armed with a deadly weapon, by taking from the person of one Iva Stallans some $45.

A severance was asked and granted and on her sepa-

rate trial the jury returned a verdict finding the defendant, Arrilla Brown, guilty and fixing her punishment at imprisonment in the penitentiary for a term of five years.

From the judgment rendered on the verdict, she has duly prosecuted an appeal to this court. It is contended that the verdict is not supported by the evidence.

The record shows that the complaining witness in his testimony fully identified the defendant, Arrilla Brown, as one of two women who stopped him and one W. H. Griffith near the viaduct on East Main street, in Oklahoma City, about 9 o'clock at night on the date alleged, and after compelling him, by the presentation of a revolver and threats to kill him, to hold up his hands, the defendant, Arrilla Brown, robbed him of the contents of his pockets, about $45, while the other defendant held the gun on him. The testimony of W. H. Griffith was substantially to the same effect.

As a witness in her own behalf, the defendant, Arrilla Brown, denied having taken the money from the complaining witness as testified to by him, and stated that, with her codefendant, Eva Napier, met two men near the viaduct; that she went into an alley with the complaining witness and they had sexual intercourse, then they had a dispute over the money paid by him to her, and he threatened that he would get even with her.

The state in rebuttal put the codefendant, Eva Napier, on the stand. She testified she was present when Arrilla Brown robbed the complaining witness, but she did not participate in the robbery, and did not receive any of the money, and that nothing immoral occurred.

This court has uniformly held that the credibility of witnesses, and the weight to be given their testimony, are matters for the determination of the jury. It is for the jury to determine whether it is convinced beyond a reason-

able doubt of the defendant's guilt. This court can only inquire whether the evidence was sufficient to warrant the jury in finding the defendant guilty.

Some exceptions were taken during the course of the trial to the admission of evidence bearing upon the issues in the case, but we are of the opinion that none of them were well taken.

It appearing that the defendant had a fair trial and was properly convicted, the judgment of the trial court is affirmed.

BESSEY, P. J., and EDWARDS, J., concur.